DAYTON FOLDING BOX COMPANY, Appellant, v. DANCIGER BROTHERS et al., Respondents.

' Kansas City Court of Appeals, May 31, 1909.

1. TRIAL PRACTICE: Communication with Jury: New Trial. A jury being called from their room on inquiry informed the court they had not agreed and lacked one of being able to. The court asked "are you aware that it is not necessary that you should find the full contract price of these goods." The court then suggested that the jury might read instruction number three, which permitted the finding on the second count of the petition, was *in quantum meruit*. *Held*, a sufficient ground to sustain a right for a new trial, since the colloquy permitted an inference that the court advised a verdict for the plaintiff. ·

2. ———: ———: ———: Objection: Exception. It was not necessary to authorize a new trial, that the defendant should except to the overruling of their objection to the colloquy, since the granting of a new trial rests in the sound discretion of a trial court.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*Rosenberger, Taylor & Reed* and *Geo. H. English, Jr.,* for appellant.

(1)   The oral directions of the court did not constitute prejudicial error.   Walsh v. Drayage Co., 40 Mo. App. 339; Overbeck v. Mayer, 59 Mo. App. 289; Hogel v. Lindell, 10 Mo. 483; Fairgrieve v. Moberly, 29 Mo. App. 141; M'cPherson v. Railroad, 97 Mo. 253; State v. Good, 132 Mo. 114; State v. Moore, 117 Mo. 402.   (2)   If error was committed, it was waived by defendants' failure to object or except to it.   State v. DeMosse, 98 Mo. 340; State v. Moore, 117 Mo. 402; Fairgrieve v. M'oberly, 29 Mo. App. 141; State v. Miles, 199 Mo. 200.

*David I. White* and *I. J. Ringolsky* for respondents.

(1.)   It is reversible error for the court to instruct the jury, so as to impress the jury with the opinion that the court was on the plaintiff's side, and to interfere by its remarks, and to prominently call the jury's attention to one of the instructions asked for by the plaintiff, without telling them to read all of the instructions, and to thus interfere with an unbiased and fair deliberation of the law and the evidence by the jury.   Neff v. Cameron, 213 Mo. 371; State v. Knowles, 185 Mo. 177; Stetzler v. Railroad, 210 Mo. 711; State v. Nelson, 181 Mo. 340; State v. Potter, 125 Mo. App. 473; State v. Etherly, 185 Mo. 182.   (2)   The affidavits attached to the motion for a new trial show that counsel for the defendants objected to the conduct of the court in communicating with the jury, and saved exceptions to such conduct, and asked that the jury be discharged, but even if no exceptions were saved, as stated by appellant's counsel, the granting of a new trial by the court below

was a matter entirely within its judicial discretion, and the rule of law as to the saving of exceptions is different where a new trial has been granted and where an appeal is perfected from the action of the court in overruling a motion for a new trial. Schuette v. St. Louis Transit Co. 108 Mo. App. 21.

ELLISON, J.—Plaintiff's petition in this cause was in two counts, one for contract price of goods, wares and merchandise, and the other on *quantum meruit.* The verdict was for the plaintiff on the latter count. Defendants filed motion for new trial which the court sustained and plaintiff has appealed from that order.

It appears that after the instructions had been read and the case argued, the jury had been in their room for about two hours without announcing an agreement on a verdict, the court sent for them when the following took place: The court "asked the jurors if they had been able to agree on a verdict and they said 'No.' The court thereupon asked them if there was any prospect of their being able to agree, and several of the jurors said that they lacked one of being able to agree. Thereupon the court said to them: 'Gentlemen, are you aware that it is not necessary that you should find the full contract price of these goods?' Several of the jurors answered 'No.' The court then said that they might read instruction No. 3 upon that subject. Thereupon some of the jurors said they thought they could agree."

Instruction No. 3, referred to by the court, was the instruction informing the jury that they could find against plaintiff on the contract and yet, though the goods were not as they should have been under the contract, if defendants kept them the jury could find for plaintiff under the second count what they believed to be the reasonable value of the goods.

Considering the character of case in connection with the trial court's oral statement to the jury, such statement was clearly subject to be interpreted as mean-

ing that the court advised a verdict for the plaintiff, and the court was manifestly right in granting the new trial.

The defendants objected to the court's remarks and assigned that as one of the grounds in the motion for new trial, but no express exception was taken. From this failure to except plaintiff insists that the court's action cannot be considered. We think an exception not necessary where the court *granted* the party's prayer for a new trial. The court had authority of its own motion to order a new trial if, in its sound discretion, it believed, on sufficient ground, the province of the jury had been invaded.

If the court had overruled the motion and the defendants had appealed it might be said that they could not complain since they had not excepted, but that is not this case.

The judgment is affirmed. All concur.